Filed 9/17/14  P. v. White CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048783 |
| v. | (Super. Ct. No. 11NF3599) |
| CORY JAMES WHITE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene Sevidal and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Cory James White of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (b); all further undesignated statutory references are to this code) and found he personally used a firearm (§ 12022.53, subd. (b)). The court found defendant had suffered a prior serious felony conviction and two prior strike convictions. The court also found true two prior prison term enhancements. Defendant was sentenced to prison for 25 years to life plus 15 years.

Defendant's appeal raises two issues. First, he contends insufficient evidence supports the firearm enhancement and second, the court abused its discretion in declining to strike one of his prior convictions. We disagree and affirm the judgment.

FACTS

The charged robbery took place at a bank in La Habra. Two persons entered the bank. The manager, Sergio Bonilla, saw defendant approach, wearing a mask, with a gun in his hand. Bonilla testified he could not tell what kind of gun it was, but it appeared to be a semiautomatic. The second robber jumped over the counter and demanded money. Defendant remained at the counter and told everyone not to move, to cooperate, to be quiet, and not to press the alarm. The second robber approached two tellers and took money from them. One of the tellers also stated she believed the gun to be real but admitted to a lack of experience with guns and had never seen a semiautomatic up close. The tellers testified they were scared for their lives.

After obtaining the money, the two men left the bank. Defendant was later identified through DNA evidence on a recovered ski mask.

DISCUSSION

*1. Substantial evidence supports the gun enhancement.*

Although all three bank employees who testified they believed the gun used by defendant was "real," rather than a replica or a toy, and two tellers testified to having been in fear of their lives, none had sufficient experience with guns to state unequivocally defendant held an authentic firearm. Based on this fact, defendant contends the prosecution failed to prove that a firearm was used in the robbery.

Section 12022.53, subdivision (b) imposes a consecutive 10 year term on persons who commit specified crimes, including robbery, if they "personally use[] a firearm." Section 12001 provides the definition of "'firearm'" of section 16520 is to be used in determining whether the enhancement applies. Section 16520, subdivision (a) in turn defines "'firearm'" as "a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion." Defendant thus contends the prosecution has the burden to produce substantial evidence the object he used during the robbery fits this definition. But he acknowledges that cases have held circumstantial evidence is sufficient to satisfy this burden. He discusses *People v. Monjaras* (2008) 164 Cal.App.4th 1432 (*Monjaras*) and *People v. Law* (2011) 195 Cal.App.4th 976 (*Law*).

In *Monjaras* defendant, during a robbery, "displayed the handle of a black pistol tucked in his waistband." (*Monjaras, supra,* 164 Cal.App.4th at p. 1434.) The court, citing a number of earlier cases, affirmed the imposition of the 10-year enhancement under section 12022.53, subdivision (b), although "the victim could not say whether the pistol in defendant's waistband was a gun or a toy." (*Id.* at p. 1435.) The court stated, "Defendant was not engaged in a childhood game of cops and robbers; the robbery was real, and the evidence supports a reasonable inference that the pistol he used

3

was a real firearm, not a toy. Our point in publishing this opinion is to say in no uncertain terms that a moribund claim like that raised by defendant has breathed its last breath." (*Ibid.*) The present case demonstrates Justice Scotland was overly optimistic in hoping to plunge a silver spike through the heart of the proposition a defendant could avoid the consequences of his act as long as his victim was unsophisticated about guns.

*Law, supra,* 195 Cal.App.4th 976 is to the same effect. Citing *Monjaras,* the court characterized the argument with which we here deal as "an oft-raised attack on the sufficiency of the evidence when the prosecution relied on circumstantial evidence to prove that a defendant used a firearm to commit a criminal offense." (*Id.* at p. 978.) There too, defendant contended *Monjaras* was erroneously decided but the court reaffirmed "'""if it looks like a duck, and quacks like a duck, it's a duck."'"" (*Id.* at p. 979.)

Defendant contrasts the facts in *Law* with the facts of the case. They are different, but we can hardly say the same about *Monjaras*. We reject defendant's contention for the reasons stated in the latter case. When criminals use what looks like a gun for the purpose of intimidating or scaring their victims into believing the object is a real gun, there is circumstantial evidence the gun is real.

2. *The court did not abuse its discretion in declining to strike one of defendant's prior strikes.*

Defendant's second contention is that the trial court abused its discretion when it failed to strike one of his prior felony convictions for bank robbery. Under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531, we review this ruling for abuse of discretion. (*Id.* at pp. 529-531.) The court gave careful consideration to the issue and recognized the test for striking priors is to determine whether a defendant "falls outside the spirit of the Three Strikes law." The court then reviewed defendant's criminal history, including "ten years in custody in CYA, . . . [combined with the fact] that

4

defendant has spent a small minority of his adult life out of custody." The court also noted that, while in the county jail, defendant had 22 major violations.

The court did not abuse its discretion in concluding defendant did not "fall[] outside the spirit of the Three Strikes law." Although the record is not clear exactly how long defendant had been out of prison, considering the terms imposed for his prior crimes and the court's true finding on the prior prison term allegations, the period cannot have been very long. And the probation report discloses that when defendant was interviewed by representatives of the FBI, apparently in connection with other unrelated bank robberies, defendant "identified the investigators as 'cops' and identified himself as a 'robber.' He said he will 'always be a robber,' and further stated, 'It is a cops and robber world.'" The "Three Strike" law is designed to protect society from this kind of career criminal.

DISPOSTION

The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

5